|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 22-9034-JFW(RAOx)** | Date: November 15, 2023 |
| Title: | Yeqing Xia, et al. *-v-* California Investment Immigration Fund, LLC, et al. | |

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly<br>**Courtroom Deputy** | None Present<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURSIDICTION

    On December 13, 2022, Plaintiffs Yeqing Xia, Rui Zhang, Song Yao Li, and Ting Li (collectively, "Plaintiffs") filed a Complaint in this Court against Defendants California Investment Immigration Fund, LLC, Victoria Chan, Tat Chan, and Fang Zeng (collectively, "Defendants"), alleging the following claims for relief: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) fraudulent concealment; (4) breach of implied covenant of good faith and fair dealing; (5) breach of fiduciary duty; (6) conversion; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) breach of written agreement; (10) professional negligence; and (11) common count (money had and received).  Plaintiffs claim that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).  *See* Civil Cover Sheet (Docket No. 1-1).

    Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

    As relevant here, 28 U.S.C. §1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . ."  However, there is no jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in actions by one foreign subject against another, even if there is a citizen defendant present.  *Faysound, Ltd. v.*

*United Coconut Chemicals, Inc.*, 878 F.2d 290, 294-95 (9th Cir.1989).

  As alleged in the Complaint, Plaintiffs' Notice of Interested Parties (Docket No. 9), and Plaintiffs' Civil Cover Sheet (Docket No. 1-1), Plaintiffs are all citizens of China, and at least one defendant is a citizen of China. *See* Complaint ¶1 (alleging Plaintiffs are residents of China); Notice of Interested Parties (alleging that all Plaintiffs are citizens of China); Complaint ¶ 5 (alleging that Fang Zeng is a Chinese national, who will contend she is a citizen of China, but who legally resides in the United States);[1] Plaintiffs' Civil Cover Sheet (noting that a defendant is a citizen or subject of a foreign country).

  Accordingly, because there is no jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in actions by one foreign subject against another, this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

  IT IS SO ORDERED.

---

[1] "[A]lienage or diversity jurisdiction does not extend to cases involving one alien suing another alien, even if one of them is domiciled in the U.S. . . . The Court [ ] reads § 1332(a)(2) as treating a foreign citizen permanently admitted for residency in the U.S. as a citizen for purposes of destroying jurisdiction, but not creating it." *Alexanian v. FCA US, LLC*, 2020 WL 949071, at *2 (S.D. Cal. Feb. 27, 2020)